UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13-CV-P277-S

AMEN.TALIB:BEY                                                              PLAINTIFF

v.

KENTUCKY et al.                                                            DEFENDANTS

MEMORANDUM OPINION

Plaintiff "Amen.Talib:Bey" (who is really Jason O. Mason) initiated this *pro se*, *in forma pauperis* action against the Commonwealth of Kentucky and the Louisville Metro Government by filing a document on his own paper with attachments (DN 1). Before addressing whether this Court has jurisdiction over this action, the Court first considers Plaintiff's use of a pseduonym.

I.    **Plaintiff's use of a pseudonym**

Plaintiff's initiating document is styled "™Amen.Talib:bey© petitioner." He signed the document "Amen.talib:bey[,] ™Amen.Talib:bey©" and "ex-Relation ™Jasononteriamason© Cestuiquetrus all rights reserved U.C.C. 1-2011-30811-209; U.C.C. 1-103; without recourse." However, it is apparent to the Court from his attachments that Plaintiff is in fact Jason O. Mason, a frequent filer in this Court. A plaintiff or petitioner may not simply make up a new name for himself or proceed under a false name. *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003) ("Filing a case under a false name deliberately, and without sufficient justification, certainly qualifies as flagrant contempt for the judicial process and amounts to behavior that transcends the interests of the parties in the underlying action.") citing Fed. R. Civ. P. 10(a)); *see also Marrakush Soc. v. New Jersey State Police*, Civil Action Nos. 09-2518, 09-2519, 09-2520, 09-2521, 09-2522, 09-3371, 09-3372, 09-3392, 09-3441, 09-3442, 09-3502, 09-3503, 09-3504, 09-

3505, 09-3506, 09-3507, 09-3589, 09-3590, 09-3591, 2009 WL 2366132, at *26 (D.N.J. July 30, 2009) (district court found that to the extent that litigants who signed documents as "'Noble Aemer Shyaam M.K. El,'" "'Noble Aemer Shyaam K.S. El,'" and "'Universal Supreme Allah Bey'" "are not real natural persons but rather mere figments garnished with long attributes, no legal action could be initiated by them or for them"). Accordingly,

the Clerk of Court is **DIRECTED** to change the caption of this action to "Jason O. Mason aka Amen.talib:bey."

**II.    Jurisdiction**

Plaintiff styles the document "Grounds for Removal Pursuant to 28 U.S.C. § 1443." This document is rambling and difficult to follow. He alleges that "[o]n August 25, 2012, my natural liberty was denied the right to enforce my right of a citizen to travel upon the public highways [illegible] due to the fact the above is misconstrued as a corporate person which have no rights, labeled colored-black-nergo [sic] - African american and civil [illegible]." He also alleges that the "State of Kentucky is a private foregin [sic] for profit corporation. It an inanimate fictitious entity cannot bring charges against a flesh-and-blood sentient being." He attaches several documents from a state criminal case against him related to a DUI. At the time he initiated this action, Plaintiff was incarcerated.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). Federal courts have an independent duty to

2

determine whether they have jurisdiction and to "police the boundaries" of our jurisdiction. *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010) (internal quotation marks and citation omitted). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Under 28 U.S.C. § 1443, cited by Plaintiff, a state-court criminal action may be removed to federal court:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). Second, Plaintiff must show that he cannot enforce the specified federal right in state court. *Johnson*, 421 U.S. at 219.

3

"This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

Here, Plaintiff appears to be arguing that the Commonwealth of Kentucky does not have jurisdiction (as "an inanimate fictitious entity") to bring charges against him. In other words, he does not allege the requisite violation of racial equality. Such is not sufficient to support removal under the section. *See also United States ex rel. Sullivan v. State of Missouri*, 588 F.2d 579, 580 (8th Cir. 1978) ("Section 1443 applies only to denial of specific rights of racial equality and not to the whole gamut of constitutional rights" (citations omitted)). Plaintiff also fails to satisfy the second prong, for he fails to allege a "formal expression of state law," § 1443(1), that prohibits his enforcing his federal rights in state court. For these reasons, removal is not proper under § 1443(1).

Nor does this action satisfy the alternative bases for removal under § 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights . . .[,]' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815). As to the second clause of § 1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"), the Supreme Court has noted that "[i]t is clear that removal under that language is available only to state officers." *Peacock*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568

("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As Plaintiff is not a federal officer or a person assisting a federal officer in the performance of his duties or a state officer, neither clause of § 1443(2) applies.

## III. Conclusion

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Date: September 19, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
4411.009